U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 4 2013

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM MARK SULLIVAN,           §
                                 §
                 Petitioner,     §
                                 §
v.                               §      No. 4:13-CV-134-A
                                 §      (Consolidated with
DAVID WALKER, Sheriff,           §      No. 4:13-CV-114-A)
Wise County, Texas,              §
                                 §
                 Respondent.     §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, William Mark Sullivan, a state prisoner currently incarcerated at the Buster Cole Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Bonham, Texas, against David Walker, Sheriff, Wise County, Texas, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I.  Factual and Procedural History

On May 26, 2000, petitioner pleaded guilty to aggravated sexual assault of a child in the 396th District Court in Tarrant County, Texas, in case no. 0769211R, and was placed on ten years'

deferred adjudication community supervision.   (Resp't App., Ex. A)   Petitioner did not directly appeal the deferred adjudication judgment or conditions; thus the judgment became final under state law thirty days later on June 25, 2000.   *See Manuel*, 994 S.W.2d at 661-62; TEX. R. APP. P. 26.2(a)(1).   On October 13, 2000, the Tarrant County court transferred the action to the 271st Judicial District Court of Wise County, Texas, where it was opened as case no. 11,483.   On October 23, 2000, the Wise County court adjudicated petitioner's guilt and sentenced him to five years' confinement.[1]   (*Id.*, Ex. B)

Following his release, petitioner pleaded guilty to failing to register as a sex offender in the 43rd Judicial District Court of Parker County, Texas, in case no. CR05-0178, and was sentenced to six months' confinement.   (*Id.*, Ex. D)   On November 7, 2011, Wise County issued a warrant for petitioner's arrest for failing to register.   (*Id.*, Ex. E & F)   Later that month, petitioner absconded to Mexico, where he was arrested on April 26, 2012, and subsequently returned to Wise County.   (*Id.*, Ex. E)   The TDCJ

---

[1]On October 23, 2000, petitioner pleaded guilty to another aggravated sexual assault of a child offense in Wise County in case no. 10,805, and was also sentenced to five years' confinement in that case, the sentence to run concurrently with his sentence in case no. 11,483.   (*Id.*, Ex. C)

website, "Offender Information Details," reflects that on March 28, 2013, in case no. 16653, petitioner was convicted of failing to register in Wise County and sentenced to two years' confinement.

This federal petition was filed on February 15, 2013.[2]  At that time, petitioner was confined in the Wise County jail awaiting trial in case no. 16653.  Petitioner has since been transferred to the custody of TDCJ for service of his two-year sentence.

## II.  Issues

In this petition, petitioner indicates he is challenging a "judgment of conviction or sentence, probation or deferred-adjudication probation" entered by the 396th District Court of Tarrant County, Texas, on October 23, 2000, in case no. "C-396-009730-0769211-A," for which he was sentenced to five years' confinement.  (Pet. at 2)  He also indicates he filed a state habeas application challenging the same "judgment" on August 23, 2012, which the Texas Court of Criminal Appeals website shows was dismissed on October 31, 2012, because petitioner's sentence was

---

[2]A prisoner's habeas petition is deemed filed when it is placed in the prison mailing system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

fully discharged (No. WR-52,320-02).  (*Id.* at 4)

Petitioner raises five grounds for habeas relief regarding matters related to the original plea proceedings in his Tarrant County case:

(1)  He was denied his constitutional right to be indicted by an "officially and legally impaneled" grand jury;

(2)  He was "denied his right to a constitutional and statutory speedy trial when asserted";

(3)  His guilty plea was involuntarily entered;

(4)  He received ineffective assistance of counsel; and

(5)  He was denied access to the courts.

(Pet. at 6-7 & Insert)

### III.  Statute of Limitations

Respondent contends the petitioner should be dismissed without prejudice on exhaustion grounds.  (Resp't 5-7)  However, the court finds the petition is untimely under the federal statute of limitations.

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

4

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims involve matters relevant to the original 2000 plea proceedings, thus the one-year limitations period began to run after the date the unadjudicated judgment became final on June 25, 2000, and expired one year later on June 25, 2001, absent any applicable tolling. *Id.* § 2244(d)(1)(A); TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application challenging those proceedings filed over eleven years later on August 23, 2012, well after limitations had expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated circumstances that would justify tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and petitioner's pleadings do not explain the reason for the lengthy delay. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Further, although actual innocence, if proved, can overcome

the statute of limitations, petitioner presents no proof whatsoever, and the record reveals none, of his innocence of the aggravated sexual assault for which he was convicted in 2000. *McQuiggin v. Perkins*, — S. Ct. —, 2013 WL 2300806 at *1 (U.S. May 28, 2013).

Petitioner's federal petition was due on or before June 25, 2001, therefore his petition filed on February 15, 2013 is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has

not made a substantial showing of the denial of a constitutional right.

SIGNED June ___14___, 2013.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE